**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

GABRIEL BACA,

      Plaintiff,

vs.                        No. 1:23-cv-00141-WJ-SCY

PRESBYTERIAN HEALTHCARE
SERVICES, a Domestic Non-Profit
Corporation,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS**

THIS MATTER is before the Court on Defendant Presbyterian Healthcare Services' Motion to Dismiss filed February 21, 2023 (Doc. 4). The Court concludes that Plaintiff's Complaint fails to state a federal claim for relief and dismisses all federal claims. The Court also remands any remaining state law claims to state court.

**I. Factual and Procedural Background**

Plaintiff Gabriel Baca filed his Complaint for Violation of the Americans with Disabilities Act, Breach of Contract and Damages, Negligent Misrepresentation, and Punitive Damages in the Second Judicial District Court, State of New Mexico, on January 5, 2023. (Doc. 1-1 at 11) ("Complaint"). The action was removed from state court to this Court by the Defendant on February 15, 2023. (Doc. 1). The Complaint alleges that on or about September 13, 2022, Plaintiff took his minor daughter to Presbyterian Urgent Care for a medical emergency. (Doc. 1-1 at 12). At the time, Presbyterian's policy required that all individuals inside the facility wear a facial mask. (Doc. 1-1 at 12). Plaintiff informed a charge nurse and a security guard that he had an unspecified medical condition that did not allow him to wear a mask. (Doc. 1-1 at 12). Plaintiff was

approached by a security guard demanded documentation of Plaintiff's medical condition, which Plaintiff refused to provide, claiming that he was not required to do so.  (Doc. 1-1 at 12-13).  A manager then "rudely threw" a mask at Plaintiff, telling him that he had to wear it or he would be thrown out.  (Doc. 1-1 at 13).  When Plaintiff's minor daughter was called to be seen, Plaintiff and his daughter were placed in a "makeshift isolation room somewhere in the back corner of the facility."  (Doc. 1-1 at 13).  "Plaintiff and his daughter were humiliated over the entire incident." (Doc. 1-1 at 13).

The Complaint contains four counts: (1) Count I: Violation of the Americans With Disabilities Act; (2) Count II: Breach of Contract and Damages; (3) Count III: Negligent Misrepresentation (All Defendants); and (4) Count IV: Punitive Damages (All Defendants).  (Doc. 1-1 at 14-16).  Plaintiff seeks an award of damages, punitive damages, and costs.  (Doc. 1-1 at 17).

Defendant filed its Motion to Dismiss on February 21, 2023.  (Doc. 4).  In the Motion to Dismiss, Defendant contends that Plaintiff's Complaint fails to state a claim on which relief can be granted.  (Doc. 4 at 1).  Defendant argues that Plaintiff's Complaint fails to plausibly allege a qualifying disability under the Americans With Disabilities Act and his federal disability claim should be dismissed.  (Doc. 4 at 3-4).  The Motion also contends that Plaintiff's state law claims should also be dismissed.  (Doc. 4 at 5-11).  Plaintiff has not fled any response to the Motion to Dismiss.

## II.  <u>The Law Regarding Dismissal for Failure to State a Claim</u>

Plaintiff Baca is proceeding pro se. The Court has the discretion to dismiss a pro se complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.*

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).  The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant.  *Hall v. Bellmon,* 935 F.2d at 1110.

### III.  Plaintiff's Complaint Fails to State a Claim Under the ADA

In Count I, Plaintiff Baca alleges that he is proceeding under the Americans with Disabilities Act ("ADA").  (Doc. 1-1 at 14-15).  The ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III). Title III would govern the ADA claims in this case.  (Doc. 4 at 3).  Title III of the ADA provides, as a general rule:

> "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

42 U.S.C. § 12182(a); *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675–76 (2001). The phrase "public accommodation" is defined in terms of 12 extensive categories of facilities leased or operated by private entities "if the operations of such entities affect commerce." The facilities covered include:

> "a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment . . ."

*Bauer v. Muscular Dystrophy Ass'n, Inc.*, 268 F. Supp. 2d 1281, 1289 (D. Kan. 2003), *aff'd,* 427 F.3d 1326 (10th Cir. 2005).  Section 12182(b)(2) of the ADA further explains that for purposes of the general rule, "discrimination" includes:

> "(i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability ... from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations; [and]
> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden; ..."

*Bauer,* 268 F. Supp. 2d at 1290.

To establish a claim under Title III of the ADA, Plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) the defendant owns, leases, or operates a place of public accommodation; (3) the defendant knew or should have known about the plaintiff's disability; (4) the plaintiff required reasonable accommodations in the form of auxiliary aids and services to enjoy the benefits of the defendant's services, and (5) the defendant failed to provide the necessary auxiliary aids and services, which resulted in the plaintiff being excluded, denied services,

segregated or otherwise treated differently than other individuals. *See Kerr v. Heather Gardens Ass'n*, 2010 WL 3791484 (D.Colo. Sept. 22, 2010) (citing 42 U.S.C. § 12182(a)-(b); *Roberts v. Royal Atlantic Corp.,* 542 F.3d. 363, 368 (2d Cir.2008), and *Dahlberg v. Avis Rent a Car Sys.,* 92 F.Supp.2d 1091, 1100 (D.Colo.2000)).

To state a claim under the ADA, then, Plaintiff must allege a qualifying disability within the meaning of the Act.   *Berry v. T-Mobile USA, Inc.,* 490 F.3d 1211, 1216 (10th Cir. 2007). Disability is defined by the ADA as (A) a physical or mental impairment that substantially limits one or more of the major life activities of such an individual; (B) a record of a physical or mental impairment that substantially limits one or more of the major life activities of such an individual; or (C) being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such an individual. *See* 42 U.S.C. § 12102(2)(A–C). This definition of disability applies to the entire ADA, including Title III. *See* 42 U.S.C. § 12102.

Mr. Baca does not plead sufficient facts to allow the court to draw a reasonable inference that Defendant Presbyterian is liable for a violation of the ADA. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Although Mr. Baca is not required to establish a prima facie case, he must at least state sufficient plausible allegations to establish the essential elements of his claim. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (*citing Iqbal*, 129 S. Ct. at 1949) ("only a complaint that states a plausible claim for relief survives a motion to dismiss[ ]").  In this case, the allegations of the Complaint do not actually identify any disability or indicate how such disability limits Mr. Baca's major life activities. Instead, the allegations indicate that Plaintiff Baca refused to provide Defendant Presbyterian with any indication of the nature of Plaintiff's disability, and the Complaint provides no additional

detail, whatsoever.  The record contains only a bald, unsupported assertion that Mr. Baca is disabled, and that generalized contention is insufficient to state a plausible claim for relief under the ADA.  *Twombly*, 550 U.S. at 570.

Further, the allegations of the Complaint indicate that it was Plaintiff Baca's minor daughter that was seeking services from Defendant Presbyterian, not Plaintiff, and that his minor daughter did receive urgent care services from Presbyterian.  (Doc. 1-1 at 11-13).  The record does not show that Plaintiff required reasonable accommodations in the form of auxiliary aids and services to enjoy the benefits of Defendant's services, Defendant failed to provide the necessary auxiliary aids and services, or that Plaintiff, or even his minor daughter, was excluded or denied services. 42 U.S.C. § 12182(a)-(b).  Plaintiff's allegation that he and his daughter were "humiliated" by the experience is not sufficient to state a claim of discrimination in violation of the ADA. *Roberts v. Royal Atlantic Corp.,* 542 F.3d. at 368.

Plaintiff's Complaint fails to state a plausible claim for relief under the ADA.  Therefore, the Court will dismiss Count I of Plaintiff's Complaint (Violation of the Americans With Disabilities Act) with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  The Court declines to grant Plaintiff leave to amend the Complaint because, in the absence of any evidence to support exclusion from or denial of benefits by Defendant, any attempt to amend the ADA claim would be futile.  *Hall v. Bellmon,* 935 F.2d at 1110.

## IV.  Plaintiff's State Law Claims will be Remanded

Plaintiff Baca's Complaint asserts state-law claims for breach of contract, negligent misrepresentation, and punitive damages. (Doc. 1-1, Counts II, III, and IV). Within the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state-law claims.  A district court's decision whether to exercise

supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. *See* § 1367(c).   Under § 1367(c), the district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. *Osborn v. Haley,* 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, (2006).

The U.S. Supreme Court has stated that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *United Mine Workers of Amer. v. Gibbs,* 383 U.S. 715, 726 (1966). When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City,* 660 F.3d 1228, 1248 (10th Cir.2011); *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014).

Defendant argues that Plaintiff's state law allegations also fail to state a claim for relief. (Doc. 4 at 5-12).   This Court is dismissing all federal claims in this case.   To the extent the Complaint alleges any claims under New Mexico law, the Court declines to exercise supplemental jurisdiction over Plaintiff Baca's remaining state-law claims and will remand those claims to state court. *Osborn v. Haley,* 549 U.S. at 245.

**IT IS ORDERED:**

**(1)**   All federal claims, including Count I, in Plaintiff Gerald Baca's Complaint for Violation of the Americans with Disabilities Act, Breach of Contract and Damages, Negligent Misrepresentation, and Punitive Damages (Doc. 1-1 at 11-17) are **DISMISSED with prejudice;** and

**(2)** any remaining state law claims in Plaintiff's Complaint are **REMANDED** to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRCT JUDGE